Ursula K. ATKINSON, Relator,

v.

The Honorable Judge Barbara CULVER and Gerald Vestal Atkinson, Respondents.

No. M11771.

Court of Civil Appeals of Texas, El Paso.

Oct. 5, 1979.

J. Michael Cunningham, Midland, for relator.

Barbara G. Culver, Judge, 318th Dist. Court, Midland, pro se, and Lynch, Chappell, Allday & Aldridge, Randall Lundy, Tom C. McCall, Midland, for respondents.

## OPINION ON MOTION

WARD, Justice.

Ursula K. Atkinson has filed a proceeding to seek the issuance of a writ of mandamus to compel the Honorable Barbara Culver, Judge of the 318th Judicial District Court of Midland County, Texas, to enter an order nunc pro tunc granting a new trial in Cause No. DR–5492, "In the Matter of the Marriage of Ursula K. Atkinson and Gerald Vestal Atkinson and in the Interest of Gregory Todd Atkinson and Heidi Atkinson, [minor] Children." For the reasons to be stated, motion for leave to file the petition for the writ and consequently the application for writ of mandamus are denied.

Certain events and their dates in the matter are noted. On February 7, 1979, judgment was rendered and entered by the District Court based upon a verdict of a jury, whereby custody of the Atkinson's two minor children was changed from Ursula K. Atkinson to Gerald Vestal Atkinson, and he was appointed managing conservator of the children. On February 19, Relator filed her Motion for New Trial within the statutory requirements since the tenth day from the entry of judgment fell on a week-end. On March 27, 1979, actual hearing on the motion for a new trial was conducted where witnesses testified regarding the falsity of evidence given at the previous trial. On April 2, 1979, which was the forty-second day after the filing of the Motion for New Trial the Court by letter to the attorneys of record advised that the Court had decided to grant Ursula K. Atkinson a new trial, and dates for the new trial were suggested. By letter dated April 26, 1979, from the District Clerk of Midland County, attorneys for the parties were advised that the second trial was to begin on June 4, 1979. On May 11, 1979, the attorneys for Gerald Vestal Atkinson filed their Motion to Dismiss for Lack of Jurisdiction, alleging that, under Texas Rules of Civil Procedure 306a and 329b since no formal order had been signed and entered by the Court within forty-five days after the filing of the Motion for New Trial, the motion had been therefore overruled by operation of law on April 5, 1979; that thereafter, after the expiration of thirty days, on May 7, 1979, the Court lost jurisdiction of the cause and that therefore the Judgment of February 7, 1979, had become final. On May 16, 1979, the Court entered a formal order granting a new trial for the reason that it appeared to the Court that certain testimony presented to the jury by Gerald Vestal Atkinson was perjured. Thereafter, the Relator filed application for entry of judgment nunc pro tunc, for the entry of an order granting a new trial, and hearing was had on June 7, 1979, thereon and on the Motion to Dismiss for Lack of Jurisdiction. On June 8, 1979, the Honorable Judge Barbara Culver did enter an Order Granting Motions to Set Aside Order Granting a New Trial and to Dismiss for Lack of Jurisdiction, and did further sign and enter an Order Denying Relator's Application for Entry of Order Nunc Pro Tunc and further an Order Denying Request to Set Case for Trial.

This Court has had occasion previously to consider a similar request for the entry of a nunc pro tunc order granting a motion for new trial after the expiration of thirty days from the forty-fifth day when the motion for new trial was filed where there had been an oral order made during the forty-five day period granting the new trial. There, on the eighty-eighth day after the filing of the motion for new trial, the trial court entered judgment nunc pro tunc granting a new trial. *Travelers Express Company v. Winters*, 488 S.W.2d 890 (writ ref'd n. r. e.). This Court held that the nunc pro tunc order granting a new trial was not invalid and that the new trial could proceed. However, in our opinion, *Reese v. Piperi*, 534 S.W.2d 329 (Tex.1976), effectively overturned *Winters*. There, the Supreme Court held that, where the forty-five day period for final disposition of the motion for new trial had already lapsed and that the thirty days following the overruling of the

motion for new trial by operation of law also had lapsed, the trial court could not thereafter enter an order nunc pro tunc granting a new trial as that could extend indefinitely the time for final disposition of the Motion for New Trial, contrary to Rules 5, 306a, 329b subdivision 4.

On the basis of *Reese v. Piperi*, the requested relief is denied.