Phyllis Gail McCORMACK, Relator,

v.

Hon. Patrick GUILLOT, Judge,
Respondent.

No. B–9013.

Supreme Court of Texas.

March 26, 1980.

Briggs, Brown & Berkley, Mike Berkley, Dallas, for relator.

Phillip Barker, Dallas, for respondent.

SPEARS, Justice.

Relator, Phyllis Gail McCormack, seeks a writ of mandamus to compel Judge Patrick Guillot to vacate his order granting a new trial in a divorce action between relator and Raymond Lee McCormack. We conditionally grant the writ.

The trial court signed a divorce judgment on July 11, 1979. On August 9, twenty-nine days later, Raymond McCormack filed his motion for new trial, and a hearing was held on the same day in the court's chambers. An entry on the court's docket sheet reflects that the motion for new trial was granted on that date; however, a written order vacating the July 11 judgment and granting a new trial was not signed until October 31.

A motion for new trial may be filed more than ten days after a judgment has been rendered, but its filing does not operate to extend the court's jurisdiction over the judgment beyond thirty days from the date of rendition. Tex.R.Civ.P. 329b(5).[1] Relator argues that the July 11 divorce judgment became final on August 10 unless Judge Guillot rendered his signed written order granting a new trial on or before that date. Relator contends that to be effective, the order must have been in writing, signed by the judge, and entered no later than August 10. Respondent argues that the oral pronouncement and docket entry of August 9 constituted compliance with the rule which requires that the motion be determined within thirty days after the rendition of judgment on July 11. Respondent further urges that the reduction of the order to writing, the signature of the judge, and entry on the minutes by the clerk were merely clerical actions which were not required to be done within the 30-day limit.

When the district court entered its final judgment on July 11, it retained plenary power to vacate, set aside, modify, or amend the judgment for the period of thirty days after the date of its rendition. *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.

---

1. All references to rules are to Vernon's Texas Rules of Civil Procedure Annotated.

1978); *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799, 800 (Tex.1978); rule 329b(5). Since the motion for new trial was filed more than ten days after rendition of the judgment, the court's power to set aside the judgment expired thirty days later on August 10. *Broussard v. Dunn*, 568 S.W.2d 126, 128 (Tex.1978). Rule 329b(5) explicitly requires that "action be taken" within the 30-day period from the date of the rendition of judgment. Otherwise, the court loses jurisdiction to act. Thus, the question posed is whether the oral pronouncement and docket entry on August 9 complied with the requirement that the trial court determine the motion before the thirty days expired.[2]

We held in *Reese v. Piperi*, 534 S.W.2d 329, 330–31 (Tex.1976) that an oral pronouncement overruling a motion for new trial did not dispose of the motion within the time limit provided by rule 329b. We held that to meet the requirement of rule 329b(4), that the motion must be determined within 45 days, the order must be in writing and signed before the 45th day. Even though our opinion in *Reese* included reference to rule 306a requiring a signed written order for the purpose of effectively measuring time for appellate steps, we also based the holding on the language of rule 5 which provides that the court "may not enlarge the period for taking any action under the rules relating to new trials . . . ." Rule 5 makes no distinction between the overruling of a motion for a new trial and the granting of one. The phrase "taking any action" requires that the order must be in writing and signed without regard to whether the order grants or overrules the motion.

In *Reese* we expressly disapproved the holding of *Travelers Express Co. v. Rener*, 493 S.W.2d 549 (Tex.Civ.App.—Eastland 1973, no writ), in which it was held that an oral rendition, reflected by the court's docket sheet, granting a motion for new trial was sufficient to support a nunc pro tunc order entered after the judgment became

final. To the extent that they conflict with this opinion, we likewise disapprove of the holdings in *Leatherwood v. Holland*, 375 S.W.2d 517 (Tex.Civ.App.—Ft. Worth 1964, writ ref'd n. r. e.) and *Jeffersonian Club v. Waugh*, 217 S.W.2d 103 (Tex.Civ.App.—Galveston 1949, writ ref'd n. r. e.). The correct rule is stated in *Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 368 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd w. o. j.):

> During the time in which a court may vacate, set aside, modify or amend its previous order, such action must, to be effective, be by written order that is express and specific.

A letter from the judge or the clerk stating that action was taken by the judge prior to expiration of the time limits does not comply with rule 329b. In *Teran v. Fryer*, 586 S.W.2d 699, 700 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd), the court held that a notation on the court's docket sheet and a letter from the district clerk to the attorneys of record advising them of the docket entry did not constitute action on the motion for new trial within the required time. Therefore, the subsequent written and signed order entered after the required time had expired was a nullity. In a mandamus action, *Atkinson v. Hon. Barbara Culver*, 589 S.W.2d 164 (Tex.Civ.App.—El Paso 1979), the judge wrote a letter before time had expired stating that she was granting the motion for new trial; however, a written order was not signed or entered until more than 30 days after the 45th day. The court held that under *Reese* the trial court lost jurisdiction to act after the applicable time limit had expired and that the trial court had correctly vacated its void order purporting to grant a new trial.

In the case before us, the order of October 31 granting the new trial was a nullity because it was signed more than thirty days after the judgment of July 11. The actions of the court on August 9 were ineffective to constitute a determination of the pending motion for new trial, and the judgment of

---

**2.** References in Rule 329b to "acted upon," "disposed of," and "determine" the motion have the same meaning and are used interchangeably.

July 11 became a final judgment after August 10.

The writ of mandamus to compel Judge Guillot to vacate his order of October 31 granting a new trial is conditionally granted and will issue only if he does not vacate the order.