Henry QUANAIM, Appellant,

v.

FRASCO RESTAURANT &
CATERING and Frasco,
Inc., Appellees.

No. 14–98–00890–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 9, 2000.

Rehearing Overruled May 11, 2000.

4. Because of our disposition of Rivas's points of error, we need not reach appellees' conditional cross-points.

H. Victor Thomas, Houston, for appellant.

Caldwell Fletcher, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION ON REHEARING

KEM THOMPSON FROST, Justice.

Appellant's motion for rehearing is granted. This court's opinion of September 23, 1999, is withdrawn and this opinion is issued in its place.

## INTRODUCTION

Appellant, a personal injury plaintiff in the court below, seeks reversal of three summary judgments rendered in favor of defendants/appellees. In a challenge to this court's appellate jurisdiction, appellees urge the court to dismiss on the ground that appellant failed to timely perfect this appeal.[1] We overrule appellees' challenge to this court's jurisdiction. After considering the merits of the appeal, we affirm in part and reverse and remand in part.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 1997, Henry Quanaim, appellant and the plaintiff in the suit below, sued Frasco Restaurant & Catering for injuries he sustained in June 1995, when he slipped and fell in the hallway of the Stouffer Renaissance Hotel. Quanaim, then a hotel employee, alleged that Frasco Restaurant & Catering, which had been hired to cater a wedding reception at the hotel, was negligent in permitting the floor to become hazardous and in failing to properly train and supervise its employees. Frasco Restaurant & Catering filed a verified answer denying it was the proper party. Quanaim then joined Frasco, Inc. as a party defendant and asserted the same claims based on negligence and gross negligence. Frasco, Inc. asserted several affirmative defenses, including: (1) Quanaim's claims are barred by the two-year statute of limitations; (2) Frasco, Inc. was an agent of Quanaim's employer (the owner of the Stouffer Renaissance Hotel) for the purpose of catering the wedding, and thus, is barred from bringing the suit by section 408.001(a) of the Texas Labor Code; and (3) Quanaim's claims are barred by a previous federal court judgment.

Frasco, Inc. filed two separate motions for summary judgment, each of which sought dismissal of the suit on independent grounds. In its first motion, filed March 18, 1998, Frasco, Inc. sought a "no evidence" summary judgment on the ground that it was not a possessor of the premises. On the same day, but in a separate motion, Frasco Restaurant & Catering moved for summary judgment on the ground that it was not a legal entity at the time of the incident and, therefore, could not be sued. On April 15, 1998, Frasco, Inc. filed its "Second Motion for Summary Judgment," alleging that because Quanaim had sued his employer (the owner of the Stouffer Renaissance Hotel) in federal court to recover damages for the injuries made the subject of his state court suit, he was barred by the exclusive remedy provisions of the Texas Labor Code, section 408.001(a), and by the doctrine of collateral estoppel[2] from asserting claims against Frasco, Inc. in this suit.

The trial court did not rule on the summary judgment motions in the order they were filed, but in the course of a few weeks' time, the court granted each of the motions by entry of three separate orders. On May 5, 1998, the trial court granted the motion filed by Frasco Restaurant & Catering on the ground that it was not a legal entity at the time of the incident and therefore could not be sued. On May 11, 1998, the trial court granted the second motion for summary judgment disposing of Quanaim's claims against Frasco, Inc. on the grounds that they are barred by the Texas Labor Code's exclusive remedy provisions and a prior federal court judgment. On May 18, 1998, the trial court granted Frasco, Inc.'s first motion for summary judgment on the ground that Frasco, Inc. was not a possessor of the premises.

1. The law firm of Hogan Dubose & Townsend, L.L.P., filed an amicus curiae brief in support of appellant's motion for rehearing on the jurisdictional issue only. *See* TEX. R.APP. P. 11.

2. Frasco, Inc.'s motion alleged that Quanaim's case "is precluded by a prior federal

court judgment" and that its "dismissal upon the merits" bars Quanaim from proceeding against Frasco, Inc. in this case. Quanaim's appellate brief characterizes this defense as *res judicata,* but, as noted *infra,* Frasco, Inc. actually relies on principles of collateral estoppel to bar Quanaim's claims.

On June 17, 1998, Quanaim simultaneously filed a motion for new trial and a separate motion asking the trial court to reconsider its rulings on the summary judgment motions. In both of his June 17 motions, Quanaim set forth arguments addressing each of the grounds on which Frasco Restaurant & Catering and Frasco, Inc. (hereafter collectively referred to as "Frasco") had moved in each of the respective motions for summary judgment. In opposing Quanaim's motion for new trial, Frasco asserted the trial court lacked plenary jurisdiction to hear the motion because Quanaim had filed it more than thirty days after the court's May 11 order, which had disposed of all remaining parties and claims.[3]

After Quanaim initiated this appeal, Frasco filed a motion asking this court to dismiss the appeal for lack of jurisdiction on the ground that Quanaim's notice of appeal was not timely filed as to two of the three orders granting summary judgment. According to Frasco, the appellate timetable was not extended, which made Quanaim's notice of appeal, filed August 3, 1998, untimely. Frasco contends the orders the trial court entered on May 5 and 11, 1998, disposed of both defendants and all claims of the plaintiff, thus making Quanaim's motion for new trial or notice of appeal due no later than June 10, 1998. Frasco asserts that inasmuch as Quanaim's notice of appeal was not filed until August 3, 1998, it was untimely and insufficient to confer appellate jurisdiction on this court. Quanaim responds that the only consequence of the court's entry of multiple orders is that he must "address three different grounds for summary judgment on appeal." Quanaim contends that his time for filing a motion for new trial did not begin to run until the last summary judgment order was signed and therefore his motion for new trial and subsequent notice of appeal were timely filed.

On November 19, 1998, this court denied Frasco's motion to dismiss, without opinion. In its appellate brief, Frasco urges us to reconsider our previous ruling and to dismiss the appeal for lack of jurisdiction.

## JURISDICTION

The first jurisdictional prerequisite to an appeal is the timely filing of a notice of appeal. If a notice of appeal is not timely filed, the appellate court acquires no jurisdiction over the appeal except to dismiss it. *See Bixby v. Bice,* 992 S.W.2d 615, 616 (Tex.App.—Waco 1999, no pet.); *Gonzalez v. Doctors Hospital–East Loop,* 814 S.W.2d 536, 537 (Tex.App.—Houston [1st Dist.] 1991, no writ); *K & S Interests, Inc. v. Texas American Bank/Dallas,* 749 S.W.2d 887, 890 (Tex. App.—Dallas 1988, writ denied). In determining whether a notice of appeal was timely filed, we look to the date of the final judgment, i.e., "whatever *order* disposes of any parties or issues remaining before the court." *Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex.1995); *Martinez v. Humble Sand & Gravel, Inc.,* 875 S.W.2d 311, 313 (Tex.1994). There can be only one final judgment in a lawsuit. *See* TEX.R. CIV. P. 301; *Logan v. Mullis,* 686 S.W.2d 605, 609 (Tex.1985); *Wang v. Hsu,* 899 S.W.2d 409, 411 (Tex.App.—Houston [14th Dist.] 1995, writ denied). Because this case involves multiple court orders disposing of claims, the first question we must decide is which, if any, of the orders granting summary judgment is the final judgment.

A judgment is final and appealable when it determines the rights of all parties and disposes of all issues in a case so that no future action by the court is necessary to settle the entire controversy. *See Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 455 (Tex.1982); *Cowan v. Moreno,* 903 S.W.2d 119, 121 (Tex.App.—Austin 1995, no writ). Ordinarily, an order granting

---

3. "The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within *thirty days* after the judgment is signed." TEX.R. CIV. P. 329b(d) (emphasis added).

summary judgment must expressly dispose of all parties and all issues in the case for it to be a final, appealable judgment. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). Once a summary judgment becomes a final and appealable judgment, the timetables for challenging the judgment begin to run. *See* TEX.R. CIV. P. 329b(d) (timetable for trial court to grant new trial or vacate, modify, correct, or reform the judgment); TEX.R.APP. P. 26.1 (appellate timetable). The trial court's initial period of plenary power over its judgment and the last day to file a motion for new trial or perfect an appeal are the same: thirty days after the date the judgment is signed. *See* TEX.R. CIV. P. 329b(a), (d); TEX.R.APP. P. 26.1. If a motion for new trial is timely filed by any party, the trial court's period of plenary power is extended until thirty days after all timely filed motions for new trial or motions to vacate, modify, correct, or reform the judgment are overruled. *See* TEX.R. CIV. P. 329b(e).

The following timetable illustrates the operative dates for purposes of determining when the time for Quanaim to challenge the trial court's rulings began and ended:

| Nov. 25, 1997 | March 18, 1998 | April 15, 1998 | May 5, 1998 | May 11, 1998 |
|---|---|---|---|---|
| 1st Amended Petition Alleging Negligence & Gross Negligence against (1) Frasco Restaurant & Catering and (2) Frasco, Inc. | (1) Frasco Restaurant & Catering files a MSJ alleging that it was not a legal entity at the time of the accident and therefore cannot be sued (2) Frasco, Inc. files its 1st MSJ alleging that it was not a possessor of the premises. | Frasco, Inc. files 2nd MSJ alleging that Quanaim's claims are barred by the "exclusive remedy" provision of the Texas Labor Code. | Court grants MSJ of Frasco Restaurant & Catering. | Court grants 2nd MSJ of Frasco, Inc. |

| May 18, 1998 | June 10, 1998 | June 17, 1998 | August 3, 1998 |
|---|---|---|---|
| Court grants 1st MSJ of Frasco, Inc. | Deadline for filing Motion for New Trial if May 11, 1998 order is the final judgment. | Quanaim files Motion For New Trial [Deadline for filing motion for New Trial if May 18, 1998 order is final judgment]. | Quanaim files Notice of Appeal. |

The May 5 order, granting summary judgment on the ground that Frasco Restaurant & Catering was not a legal entity at the time of the accident and therefore could not be liable, was interlocutory because at the time it was signed, there remained other claims and parties in the suit. *See Woosley v. Smith*, 925 S.W.2d 84, 86 (Tex.App.—San Antonio 1996, no writ) (observing that an order that does not dispose of all parties to suit and which leaves case in such a situation that further action is required to settle controversy is interlocutory order). The May 11 order, granting summary judgment based on the Texas Labor Code's exclusive remedy provision and the prior federal court judgment, terminated the outstanding claims and rights of all parties.[4] Upon the trial court's signing of the May 11 order, there remained nothing for the trial court to

---

**4.** The May 11 summary judgment did not contain a "Mother Hubbard" clause, which would have made the judgment final on its face for purposes of appeal. *See Mafrige*, 866 S.W.2d at 592.

adjudicate. Therefore, the May 11 order was a final judgment. Quanaim, however, contends that the signing of the May 18 order, which granted summary judgment on different grounds, constitutes a modification, correction or reformation of the summary judgment order signed on May 11 and, therefore, under Texas Rule of Civil Procedure 329b(h), the time for appeal runs from the date of the May 18 order.

Quanaim further argues that "[b]ecause all three motions were granted, [he] now has to address three different grounds for summary judgment on appeal." This argument suggests that the trial court could continue to add on in piecemeal fashion to a judgment that had already disposed of all remaining parties and claims merely by signing subsequent orders. We are aware of no means by which we may treat two final judgments as one. When there are two final judgments in a case, only one can survive. For more than half a century, the general rule, as set forth in *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83 (1941), has been that the entry of a second judgment in the same case is not a vacation of the first; if there is nothing in the record to show the first was vacated, the second is a nullity. 150 S.W.2d at 84; *Exxon Corp. v. Garza,* 981 S.W.2d 415, 419 (Tex.App.—San Antonio 1998, pet. denied); *Charles L. Hardtke, Inc. v. Katz,* 813 S.W.2d 548, 549 (Tex.App.—Houston [1st Dist.] 1991, no writ); *410 West Ave. Ltd. v. Texas Trust Sav. Bank, F.S.B.,* 810 S.W.2d 422, 425 (Tex.App.—San Antonio 1991, no writ).

Because appellate timetables are calculated from the signing of the final judgment in a case, parties must be able to accurately determine not only when a judgment is final but also when and if a court has vacated, modified, reformed or corrected a judgment. It has long been the rule in Texas that a court must be "express and specific" in vacating, setting aside, modifying, or amending a judgment. *See McCormack v. Guillot,* 597 S.W.2d 345, 346 (Tex.1980) (adopting the reasoning this court set out in *Poston Feed Mill Co. v. Leyva,* 438 S.W.2d 366 (Tex.Civ. App.—Houston [14th Dist.] 1969, writ dism'd)). This requirement was born out of a need to ensure clarity and eliminate uncertainty and ambiguity in calculating the time for perfecting an appeal. Noting the reason for the "express and specific" requirement, this court, in reasoning expressly adopted by the Texas Supreme Court, stated:

> Of necessity, a court must speak through its written orders. Where it has so spoken only a *clear and unequivocal written order or expression* by that court will vacate, set aside, modify or amend its first order. Any other rule would be the parent of uncertainty for the orders of any court.

*Poston,* 438 S.W.2d at 369 (emphasis added). Recently, the Thirteenth Court of Appeals rejected the notion that a second order, signed before the trial court's plenary power lapsed but which made no reference whatsoever to the first order, functioned as a correction, modification, amendment or vacation of the prior order. *See In re Hamilton,* 975 S.W.2d 758 (Tex. App.—Corpus Christi 1998, pet. denied). That court, citing *McCormack* and this court's holding in *Poston,* held that to be effective, the order vacating, setting aside, amending or modifying the original judgment must be "express and specific." *See id.* at 760.

Cases holding that the second judgment replaces the first judgment traditionally have been limited to situations in which *something* in the record clearly demonstrates the trial court's intent to replace the first judgment with the second judgment. *See, e.g., B & M Machine Co. v. Avionic Enters., Inc.,* 566 S.W.2d 901 (Tex. 1978) (per curiam) (finding intent to vacate based on fact that second judgment was titled "Amended Judgment" and findings of fact and conclusions of law noted trial court had amended the first judgment); *City of West Lake Hills v. State,* 466

S.W.2d 722, 726–27 (Tex.1971) (finding intent to vacate first judgment based on "corrected final judgment" heading on second motion); *Anderson v. Teco Pipeline Co.*, 985 S.W.2d 559, 562 (Tex.App.—San Antonio 1998, pet. denied) (judgment entitled "Amended Final Judgment" signed during trial court's plenary power vacated previously signed "Final Judgment"); *but see Woosley v. Smith*, 925 S.W.2d 84, 87 (Tex.App.—San Antonio 1996, no writ) (where there was absolutely no indication that the "trial court had any intent to vacate the first decree or substitute the first decree with the second," the first judgment controls and the second is void). Despite this long line of cases, the rule requiring a clear and unequivocal expression of the trial court's intent to replace one judgment with another seems to have been eroded over the past decade. While the Texas Supreme Court has not expressly overruled cases such as *McCormack* and *Mullins*, which require a clear indication that the first order is vacated, it has indicated that these longstanding requirements may no longer apply.

■ In *Check v. Mitchell*, 758 S.W.2d 755 (Tex.1988) (per curiam), the Texas Supreme Court confronted a procedural scenario similar to the one presented here. The trial court entered two orders constituting final judgments and, as in this case, the appellant calculated the appellate timetable from the date of the second order. *See id.* The court of appeals dismissed the appeal for want of jurisdiction. *See id.* In reversing the intermediate court, the Texas Supreme Court relied on Texas Rule of Civil Procedure 329b(h), which states:

> If a judgment is *modified, corrected or reformed in any respect,* the time for appeal shall run from the time the modified, corrected or reformed judgment is signed, but if a correction is made pursuant to Rule 316 after expiration of the

period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment. Tex.R. Civ. P. 329b(h) (emphasis added). The *Check* court held that "any change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date of the modified, corrected or reformed judgment is signed." 758 S.W.2d at 755.[5]

In the wake of *Check*, courts have *inferred* or *presumed* an intent by the trial court to vacate, modify, correct or reform a judgment. For example, the First Court of Appeals found that a second judgment restarted the appellate timetable even though neither the second judgment nor the record indicated that the first judgment had been vacated. *See Alford v. Whaley*, 794 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1990, no writ). Likewise, the absence of a clear expression of the trial court's intent to vacate, modify or reform its previous order did not prevent the Third Court of Appeals from finding a modification in *Owens–Corning Fiberglas Corp. v. Wasiak*, 883 S.W.2d 402 (Tex.App.—Austin 1994, no writ). Reasoning that because neither *Check* nor Rule 329b(h) expressly require the modified, corrected or reformed judgment to indicate the trial court's intent to vacate the first judgment before the second judgment will be given effect, the *Owens–Corning* court went a step further and held that any change in a judgment during the trial court's period of plenary power should be treated as a modified, corrected, or reformed judgment that "presumptively vacates" the trial court's former judgment unless the record indicates a contrary intent. 883 S.W.2d at 411. This holding essentially *turns the Mullins test for intent upside down.* Instead of requiring

---

**5.** The only exception to this rule arises when it appears from the face of the record that the trial court signed a second judgment for the sole purpose of extending the appellate time-

table. *See Mackie v. McKenzie*, 890 S.W.2d 807, 808 (Tex.1994); *Wang v. Hsu*, 899 S.W.2d 409, 411 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

the record to affirmatively show the trial court's intent to vacate, modify, correct or reform the judgment, *Owens–Corning* presumes such an intent unless the record reveals otherwise.

Although at least one of our sister courts has found that *Check* did not overrule *Mullins*,[6] recent Texas Supreme Court cases suggest otherwise. In *Lane Bank Equipment Co. v. Smith Southern Equipment, Inc.*, 10 S.W.3d 308, 310–11, (Tex. 2000) (en banc), the Texas Supreme Court considered whether a timely filed post-judgment motion seeking to add an award of sanctions to an existing judgment was sufficient to extend the thirty-day period in which a trial court may exercise plenary power over its judgment. Affirming the First Court of Appeals' holding, the *Lane* court found that such a motion qualified as a motion to modify, a judgment under Rule 329b(g) and so extended the trial court's plenary jurisdiction. *Id.* at 313–14. Drawing a distinction between a motion under 329b(g) and an order under 329b(h), the *Lane* court specifically noted that the expansive "in any respect" language found only in Rule 329b(h) means that "*any* change" to the judgment made by the trial court while it retains plenary jurisdiction will restart the appellate timetable, but that only a motion seeking a

"substantive change" will extend the appellate deadlines under Rule 329b(g). *Id.* at 312–13.

Although we have not previously addressed the particular issue now before us, in *Wang v. Hsu*, 899 S.W.2d 409 (Tex. App.—Houston [14th Dist.] 1995, writ denied), we applied *Owens–Corning* to find that a second judgment vacated the first one, but also recognized the necessity that orders which vacate, set aside, modify, or amend other orders be "express and specific" in finding the first judgment was not reinstated by the vacation of the second. *See id.* at 412 (citing *McCormack*, 597 S.W.2d at 346; *Ex parte Olivares*, 662 S.W.2d 594, 595 (Tex.1983)). The case now before us places these two competing principles directly at odds.

There is nothing in the record of this case to suggest, by inference or otherwise, that the trial court vacated the May 11 order, thus making the last signed order the final judgment in the case.[7] To find Rule 329b(h) applicable here, we must *infer* from the court's mere entry of the May 18 judgment, and from this event alone, that the trial court intended to vacate, modify, correct, or reform the May 11 judgment.[8]

Inasmuch as the Texas Supreme Court has found in *Lane* that a motion for sanc-

---

**6.** *See Azbill v. Dallas County Child Protective Servs. Unit of Texas Dept. of Human and Regulatory Servs.*, 860 S.W.2d 133, 139 (Tex:App.—Dallas 1993, no writ) (noting that, in *Mullins*, the Texas Supreme Court did not identify any case or line of cases inconsistent with *Check*). The *Owens–Corning* court criticized the *Azbill* court for "ignor[ing] the fact that nothing in the record in *Check* demonstrated the trial court's intent to vacate its first judgment." 883 S.W.2d at 411, n. 15. However, in *Check*, the court had entered an interlocutory summary judgment, and then made it final by a severance of that judgment from the remainder of the case; the second order, signed eleven days later, specifically referred to the earlier severance order. 758 S.W.2d at 755. Thus, there may have been *some* indication in the record that the trial court intended the second order to be the final judgment in the case.

**7.** Notably, Quanaim did not take the position that the court's May 18 order was a modification, reformation or correction of the May 11 order in response to Frasco's motion to dismiss or in appellant's brief. Quanaim took this position for the first time when the matter was raised in oral argument to this court. The May 18 order does not purport to vacate or supersede the May 11 order—it does not even mention it. Furthermore, there is nothing in the record to suggest that either the trial court or the parties viewed the May 11 order as superseded by the May 18 order.

**8.** Quanaim acknowledges in his brief:

"It is impossible to tell from the record whether [the trial court], intended to vacate and supersede the May 11 order by signing the May 18 order or whether [the trial court] intended the May 18 order to merely supplement the May 11 order."

tions proposed a "change" to the final judgment under Rule 329b(g), we are persuaded that the trial court's entry of a subsequent order identifying different grounds for summary judgment should also be construed as a "change" sufficient to restart the appellate timetable under Rule 329b(h). Accordingly, we find the trial court's May 18 summary judgment was a modification, correction or reformation of the May 11 summary judgment, and that by entering the May 18 judgment, the trial court presumptively vacated the May 11 summary judgment. Therefore, the May 18 judgment is the only final judgment in this case. The signing of that judgment restarted the appellate timetable. Because Quanaim's motion for new trial and notice of appeal were filed within the times prescribed by Rule 329b, Quanaim timely perfected his appeal.

While this holding represents a departure from *McCormack* and *Mullins,* it falls within the broad sweeping "in any respect" language of Rule 329b(h) and honors the Texas Supreme Court's directive that we endeavor to construe procedural rules reasonably yet liberally so that a litigant does not lose his right to appeal through the imposition of a requirement not absolutely necessary to effect the purpose of a rule. *See Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex.1997); *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993). Today's ruling is also in harmony with the Texas Supreme Court's recent holdings that have removed procedural hurdles precluding appellate review on the merits. *See, e.g., Verburgt,* 959 S.W.2d at 616–17 (implying motion to extend time to perfect appeal); *State Dept. of Highways v. Payne,* 838 S.W.2d 235, 239–41 (Tex.1992) (liberalizing rules for preservation of charge complaints).

■■■■ Having determined that the May 18 order is the final judgment, we must address how this decision affects the other orders granting summary judgment before turning to the merits of Quanaim's appeal. Because there can be only one final judgment in a case,[9] we cannot treat the May 18 order as a "supplement" to the May 11 order.[10] To do so would violate the "one final judgment" rule. *See* Tex.R. Civ. P. 301. In deeming the May 18 order the final judgment in this case, we necessarily had to find that the trial court vacated and superseded the May 11 order granting summary judgment, thus rendering it effectively "dead." *See Wang,* 899 S.W.2d at 411. This means that the trial court granted summary judgment to Frasco, Inc. *only* on the grounds set forth in the May 18 order granting Frasco, Inc.'s first motion for summary judgment (Frasco, Inc. was not a possessor of the premises), and *not* on the grounds set forth in the May 11 order granting Frasco, Inc's second motion for summary judgment (Quanaim's claims are barred by the Texas Labor Code's exclusive remedy provisions and the prior federal court judgment).

■■■■ Generally, the denial of a motion for summary judgment is interlocutory and not appealable. *See Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980). However, this rule does not apply "when a movant seeks summary judgement on multiple grounds and the trial court grants the motion on one or more grounds but denies it, or fails to rule, on one or more other grounds presented in the motion and urged on appeal." *Baker Hughes, Inc. v. Keco R & D, Inc.,* 12 S.W.3d 1, 5 (Tex. 1999) (citing *Cincinnati Life Insurance Co. v. Cates,* 927 S.W.2d 623 (Tex.1996)). The appellate court must review all of the summary judgment grounds on which the trial court actually ruled, whether granted

---

9. *See* Tex.R. Civ. P. 301.

10. Although the amicus curiae argues that "the last order should be held to have modified or reformed the previous two orders, which combined to form an implied final judgment," it cites no authority to support this notion nor does it endeavor to harmonize such a holding with the "one final judgment" rule.

or denied, and which are dispositive of the appeal, and may consider any grounds on which the trial court did not rule. *See id.* at 5. The Texas Supreme Court has made it clear that the "rule in *Cates* does not depend on the number of motions filed, when they were presented to the trial court, or when the trial court ruled." *Id.* at 5. For purposes of this appeal, we will treat the trial court's vacation of the May 11 order as a denial of Frasco, Inc.'s second motion for summary judgment. Therefore, our review on the merits encompasses not only the grounds set forth in the first motion but also the grounds set forth in the second motion. Our review also includes Quanaim's challenge to the trial court's May 5 order,[11] which granted summary judgment in favor of Frasco Restaurant & Catering.

## SUMMARY JUDGMENT

 Frasco Restaurant & Catering and Frasco, Inc. each filed "no evidence" motions for summary judgment under Texas Rule of Civil Procedure 166a(i). This rule provides:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is not evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX.R. CIV. P. 166a(i). A "no evidence" motion for summary judgment places the burden on the non-movant to present enough evidence to be entitled to a trial. *See Robinson v. Warner–Lambert & Old Corner Drug*, 998 S.W.2d 407, 409 (Tex. App.—Waco 1999, no pet.) (citing *Lampa-* *sas v. Spring Center, Inc.*, 988 S.W.2d 428, 432 (Tex.App.—Houston [14th Dist.] 1999, no pet.)). The purpose of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial." *Robinson*, 998 S.W.2d at 409; *Lampasas*, 988 S.W.2d at 436 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Thus, the focus is shifted from the pleadings to the actual evidence. *See Robinson*, 998 S.W.2d at 410; *Lampasas*, 988 S.W.2d at 436. In that regard, a "no evidence" motion for summary judgment is improperly granted if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *See Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. denied). Summary judgment, however, must be granted under rule 166a(i) if the party opposing the motion fails to bring forth competent summary judgment proof. *See Saenz v. Southern Union*, 999 S.W.2d 490, 492 (Tex. App.—El Paso 1999, pet. denied); *Robinson*, 998 S.W.2d at 412.

 Frasco, Inc.'s second motion for summary judgment, although purporting to be filed under the "no evidence" provisions of Rule 166a(i), was based on affirmative defenses and, therefore, was actually a traditional motion for summary judgment. A defendant moving for summary judgment on the basis of an affirmative defense must conclusively prove all essential elements of that defense. *See American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). In reviewing a traditional motion for summary judgment, we take as true all evidence favorable to the non-movant, and we make all reasonable inferences in the non-movant's favor. *See KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). If the mov-

---

11. Interlocutory orders become final when the court disposes of all other parties and claims. *See Woosley*, 925 S.W.2d at 86.

ant's motion and summary judgment proof facially establish its right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *See HBO, A Div. of Time Warner Entertainment Co., L.P. v. Harrison,* 983 S.W.2d 31, 35 (Tex.App.—Houston [14th Dist.] 1998, no pet.).

### Frasco Restaurant & Catering

 Frasco Restaurant & Catering moved for summary judgment on the ground that Quanaim could not establish that it was the legal entity present on the day in question. According to Frasco Restaurant & Catering, it "no longer was an assumed name business," and Frasco, Inc. was the only party present; therefore, Frasco Restaurant & Catering was entitled to summary judgment as a matter of law. Quanaim argues that because Frasco, Inc. was an assumed or common name for Frasco Restaurant & Catering, he was entitled to file suit against that entity under Texas Rules of Civil Procedure 28. This rule provides:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

Tex.R. Civ. P. 28. Civil suits, however, may be maintained only by or against parties having an actual or legal existence. *See Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 759 (Tex.1995) (citing *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987)). This is important, here, because "a corporation which has no legal existence at the time of an incident cannot be liable for that incident." *Edmunds v. Sanders,* 2 S.W.3d 697, 704 (Tex.App.—El Paso 1999, pet. denied) (citing *Bailey,* 894 S.W.2d at 759; *Henson,* 734 S.W.2d at 649).

 Quanaim made no effort to show that Frasco Restaurant & Catering legally existed at the time the accident occurred. The only "evidence" Quanaim produced in support of his contention that Frasco, Inc. "was known as Frasco Restaurant & Catering" in June 1995 was his "verified" response to the motions for summary judgment filed in the trial court. It is well settled that neither the motion for summary judgment, nor the response, even if sworn, is ever proper summary judgment proof. *See Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971); *Webster v. Allstate Ins. Co.,* 833 S.W.2d 747, 749 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Keenan v. Gibraltar Sav. Ass'n,* 754 S.W.2d 392, 394 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Nicholson v. Memorial Hosp. Sys.,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Because verified responses are not proper summary judgment proof and Quanaim failed to produce any evidence, Frasco Restaurant & Catering was entitled to summary judgment.

### Frasco, Inc.

We now consider whether Frasco, Inc. was entitled to summary judgment on any of three possible grounds: (1) it was not a possessor of the premises at the time of the accident, and thus Quanaim cannot establish a critical element of his *prima facie* case for negligence; (2) Quanaim's claims are barred by the exclusive remedy provisions of the Texas Labor Code; and/or (3) Quanaim's claims are barred by a federal court judgment. The second and third grounds are based on affirmative defenses.

### *Premises Liability*

 Quanaim claims that Frasco, Inc. negligently created an unreasonably dangerous condition by spilling grease and food in the hotel hallway, causing him to fall. To establish tort liability for negligence under these circumstances, a plain-

tiff must prove the existence and the breach of a legal duty owed to him by the defendant, as well as damages proximately caused by that breach. *See Brooks v. National Convenience Stores, Inc.,* 897 S.W.2d 898, 901 (Tex.App.—San Antonio 1995, no writ) (citing *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987)). The existence of a legal duty is a question of law for the court to decide from the surrounding facts. *See Loyd v. ECO Resources, Inc.,* 956 S.W.2d 110, 130 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

 In its first motion for summary judgment, Frasco, Inc. argued that it owed no duty to Quanaim because there is no evidence that it had the right to control the premises at the time the accident occurred. Frasco, Inc. bolstered this "no evidence" motion by pointing to deposition testimony from Gary Baumann, the Director of Catering at the Stouffer Renaissance Hotel, where Frasco, Inc. catered the wedding reception. Baumann testified the hotel routinely provided security to monitor the premises and to report any hazards. According to Baumann, the hotel maintained "responsibility in regards to service, beverages, and room setup," but that Frasco, Inc. "handl[ed] all food aspects of the function." Baumann added that while the hotel provided space for the caterers to use, Frasco, Inc. was obligated to use "reasonable care" and was "responsible for [the] area that [the caterers] were working in." Contrary to Frasco, Inc.'s intention, this testimony does not establish that there is *no evidence* to show it had the right to control the premises, but rather raises a genuine issue of material fact as to whether it had control over the premises at the time Quanaim sustained his injuries.[12] The existence of a material issue of fact precludes summary judgment. *See Hennessy v. Estate of Perez,* 725 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1987, no writ). Accordingly, the trial court erred in granting summary judgment on the ground that Frasco, Inc. was not a possessor of the premises at the time of the accident.

### Exclusive Remedy Provisions of the Texas Labor Code

 In its second motion for summary judgment, Frasco, Inc. asserted that Quanaim's claims are barred because section 408.001(a) of the Texas Labor Code "precludes any action against the employer or Plaintiff's fellow servants." Frasco, Inc. couched this motion as a "no evidence" summary judgment motion. However, as previously mentioned, this is an affirmative defense on which Frasco, Inc. had the burden of proof; therefore, Frasco, Inc. could not bring a "no evidence" summary judgment motion based upon that affirmative defense. To prevail on a traditional motion for summary judgment, a defendant must prove all the elements of its affirmative defense as a matter of law. *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997).

Section 408.001(a) of the Texas Labor Code, on which Frasco, Inc. relies, states:

[R]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compen-

---

12. In its appellate brief, Frasco, Inc. argues that proof attached to its second motion for summary judgment establishes as a matter of law that it had no control over the premises where Quanaim was injured. Frasco, Inc. contends that it was "required by [the hotel] to set up in the hallway" and Quanaim cannot claim otherwise because he judicially admitted this fact in a federal court lawsuit Quanaim brought against the owner of the Stouffer Renaissance Hotel (CTF Hotel Holdings, Inc.) and his co-employees (Jerry Phelps, Rick Hall and Gary Baumann) in February 1996.

However, because the pleadings on which Frasco, Inc. relies were filed in "a different proceeding, involving different parties, those pleadings are not judicial admissions in this suit." *Cruz v. Liberty Mut. Ins. Co.,* 853 S.W.2d 714, 717 (Tex.App.—Texarkana), *rev'd on other grounds,* 883 S.W.2d 164 (Tex.1993). As such, the admissions Quanaim made in his federal lawsuit are merely admissible against him at trial on the issue of his credibility and are not conclusive against him for the purpose of summary judgment.

sation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

TEX. LAB.CODE ANN. § 408.001(a) (Vernon 1996). Neither Frasco, Inc.'s second motion for summary judgment nor its appellate brief explains how Frasco, Inc. qualifies under the statute, i.e., as an employer, fellow servant, or agent of Quanaim's employer. To support its motion, Frasco, Inc. merely pointed to the federal court suit in which Quanaim took the position that his employer (CTF Hotel Holdings, Inc., the owner of the Stouffer Renaissance Hotel) controlled the premises to the extent that his injuries were proximately caused by a failure of the hotel owner and his co-employees to observe ordinary care. Frasco, Inc. argued that "worker's compensation coverage precludes any action against the employer or fellow servants," and that because Quanaim sued his employer and co-employees for the injuries in question, he elected remedies as a matter of law. Quanaim responded that he was an employee of the hotel and *not* Frasco, Inc., and therefore, his suit is not barred. Inasmuch as Frasco, Inc. did not establish that it was Quanaim's employer or an agent or employee of Quanaim's employer, it failed to show that the worker's compensation exclusive remedy provision found in section 408.001(a) barred Quanaim's claims as a matter of law. Therefore, it would not have been proper for the trial court to grant Frasco, Inc.'s summary judgment based on this affirmative defense.

### Collateral Estoppel

█ In its second summary judgment motion, Frasco, Inc. also urged the court to grant summary judgment in its favor based on a judgment on the merits in the prior federal suit. Frasco, Inc. maintained that it was a necessary party to the federal suit under Federal Rule of Civil Procedure 19 and that the dismissal of that suit on the merits has the legal effect of "binding Quanaim to the judgment." Frasco, Inc.

argued in its appellate brief that Quanaim's negligence claims are therefore barred under the doctrine of collateral estoppel because the federal court's judgment dismissing Quanaim's claims precludes the issues Quanaim raises here.

█ The broad doctrine of *res judicata* encompasses two principal categories: (1) claim preclusion, also referred to as *res judicata,* and (2) issue preclusion, known as collateral estoppel. *See Barr v. Resolution Trust Corp. ex. rel. Sunbelt Federal Sav.,* 837 S.W.2d 627, 628 (Tex.1992). The first category, *res judicata,* is not applicable here because Frasco, Inc. was not a party to the federal lawsuit. Frasco, Inc. is relying on the doctrine of collateral estoppel, which is used to prevent a party from relitigating an issue that it previously litigated and lost against another defendant. *See Quinney Elec., Inc. v. Kondos Entertainment, Inc.,* 988 S.W.2d 212, 213 (Tex.1999) (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 519 (Tex.1998)).

█ As previously mentioned, Frasco, Inc., as the party relying on this affirmative defense, has the burden of proof. Therefore, it could not bring a "no evidence" motion under Rule 166a(i). Rather, to prevail on this ground, Frasco, Inc., as the movant, was required to establish the following elements: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *See Mann v. Old Republic Nat'l Title Ins. Co.,* 975 S.W.2d 347, 350 (Tex.App.—Houston [14th Dist.] 1998, no pet.) (citing *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994); *Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990)). Whether collateral estoppel applies is a question of law for the court to decide. *See Domingues v.*

*City of San Antonio,* 985 S.W.2d 505, 507 (Tex.App.—San Antonio 1998, pet. denied) (citing *United States v. Brackett,* 113 F.3d 1396, 1398 (5th Cir.), *cert. denied,* 522 U.S. 934, 118 S.Ct. 341, 139 L.Ed.2d 265 (1997); *Hill v. Heritage Resources, Inc.,* 964 S.W.2d 89, 138 (Tex.App.—El Paso 1997, writ denied)).

In the federal suit against his employer, CTF Hotel Holdings, Inc., Quanaim asserted claims of age discrimination and wrongful termination for seeking worker's compensation benefits. In that suit, Quanaim alleged that the hotel hired caterers for functions and that these caterers "prepared and served" food in a hallway behind the banquet rooms. Specifically, Quanaim complained in the federal suit that: (1) the hotel was negligent in failing to heed his repeated warnings to move caterers from the hallway into the banquet kitchen because "spilled grease and food on the floors" was a health hazard, and (2) the hotel's negligence was the cause of his accident and his injuries. In August 1997, the federal court granted CTF Hotel Holdings, Inc.'s motion for summary judgment and dismissed Quanaim's claims on the merits.

■■■ Quanaim contends the federal court's decision does not preclude his claims in this suit because his federal suit was one for age discrimination and wrongful termination, and not for personal injuries as a result of negligence.[13] However, collateral estoppel may preclude relitigation of issues previously litigated even though the subsequent suit is based upon a different cause of action. *See Johnson & Higgins,* 962 S.W.2d at 519 (citing *Wilhite v. Adams,* 640 S.W.2d 875 (Tex.1982)). If a cause of action in the second lawsuit involves an element already decided in the first lawsuit, that cause of action is barred. *See Johnson & Higgins,* 962 S.W.2d at 519. For this to be true, however, the issue decided in the first action must be actually litigated, essential to that lawsuit's judgment, and identical to the issue in the pending action. *See id.* (citing *Getty Oil v. Insurance Co. of N. Am.,* 845 S.W.2d 794, 802 (Tex.1992); *Eagle Properties,* 807 S.W.2d at 721–22; *Tarter v. Metropolitan Sav. & Loan Ass'n,* 744 S.W.2d 926, 927 (Tex.1988); *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 384 (Tex.1985)).

■■■ In considering whether the issues are identical, we look to the elements of the claims. To make a *prima facie* case of age discrimination, the plaintiff must prove that: (1) the plaintiff was discharged; (2) he was qualified for the position; (3) he was in the protected class at the time of his discharge; (4) he was replaced by someone outside the protected class, or by someone younger or otherwise show that he was discharged because of age. *See Adams v. Valley Federal Credit Union,* 848 S.W.2d 182, 186–87 (Tex. App.—Corpus Christi 1992, no writ) (citing *Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1505 (5th Cir.1988)). Frasco, Inc. does not allege that negligence would have any impact on the age discrimination claim. To prevail on an action for

---

13. In his federal suit, filed *pro se,* Quanaim alleged that he "was terminated wrongfully ... because [he] filed ... for workman compensation benefits ..." "[Quanaim] was fired for filing an accident report ... for a work related injury ..." "Due to management negligence, there were violations of safety and health regulations in the Stouffer Renaissance.... While preparing and serving the food, the caterers regularly spilled grease and food on the floors and in the hallways, which they neglected to clean. This situation created dangerous working conditions ... On several occasions, [Quanaim] warned [his] immediate supervisors Gary Baumann and Rick Hall of the dangers presented, and asked them to move the caterers to the banquet kitchen to prevent an accident and to enforce health regulations. They consistently refused to do so. On July 30, 1995, [Quanaim] suffered injuries because one of these caterers prepared and dished out his food on the floor in the hallway behind the Rayburn and Greenway rooms ... [Quanaim's] injuries could have been prevented if [his] supervisors and General Manager Jerry Phelps had paid attention to [his] warnings."

wrongful termination for the filing of a worker's compensation claim, the plaintiff must establish a "causal link between the discharge and the employee's invocation of rights" under the Texas Worker's Compensation Act. *See America West Airlines v. Tope,* 935 S.W.2d 908, 912 (Tex.App.—El Paso 1996, no writ) (citing *Trevino v. Corrections Corp. of America,* 850 S.W.2d 806, 808 (Tex.App.—El Paso 1993, writ denied)). Frasco does not show that Quanaim's allegations of negligence on the hotel's part were "essential to the judgment" the federal court rendered against him on the wrongful termination claim because the record lacks the necessary documents from the federal suit. To support its motion, Frasco, Inc. tendered only the one-page final judgment issued by the federal court. The "Memorandum and Order," which purportedly details the reasons for the federal court's judgment, is absent from the record. Consequently, we must conclude that Frasco, Inc. did not show that collateral estoppel bars Quanaim's negligence claim as a matter of law. Accordingly, it would not have been proper for the trial court to grant Frasco, Inc.'s second motion for summary judgment on grounds of collateral estoppel.

### CONCLUSION

Quanaim timely perfected his appeal, and this court has jurisdiction to hear that appeal. The trial court properly granted summary judgment in favor of Frasco Restaurant & Catering, and that judgment is affirmed. Having found the trial court erred in granting Frasco, Inc's summary judgment on the grounds that Frasco, Inc. was not a possessor of the premises, and having found the trial court could not have properly rendered summary judgment for Frasco, Inc. on the grounds of the Texas Labor Code's exclusive remedy provision or collateral estoppel, we reverse and remand the case to the trial court for further proceedings.