**Conditionally Grant and Opinion Filed September 8, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01046-CV

## IN RE EDUARDO TORRES-MEDINA, Relator

**Original Proceeding from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-54782-2012**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Evans
Opinion by Justice Evans

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its Final Decree of Divorce pronounced and rendered on May 14, 2014 and signed on July 18, 2014. Relator contends that the trial court rendered the decree after its plenary power had expired. We agree and conditionally grant the writ of mandamus.

### FACTUAL AND PROCEDURAL CONTEXT

Real party in interest, Idania Lizbeth Sanchez-Navarro Suarez, filed a petition for divorce from relator Eduardo Torres-Medina. The trial court rendered judgment on the petition on September 18, 2013 and signed the first divorce decree on January 16, 2014. The first divorce decree did not require either party to pay child support to the other.

Torres-Medina filed a timely motion for new trial on October 4, 2013. The trial court heard and granted the motion for new trial on March 25, 2014. At the conclusion of the hearing on the motion for new trial, the trial judge requested that counsel for Torres-Medina prepare an

order granting new trial and directed the parties to immediately obtain a setting for the new trial from the court coordinator.

The trial court held the new trial on May 14, 2014. At the beginning of the May 14, 2014 trial, the trial judge noted that he could not find an order granting new trial in the file, although he believed he had signed such an order. Counsel for Torres-Medina remained silent in the face of this comment and allowed the new trial to proceed without objection. The trial court then proceeded with the new trial, pronounced and rendered judgment on May 14, 2014 and signed the second divorce decree on July 18, 2014. The second divorce decree required Torres-Medina to pay child support to Sanchez-Navarro Suarez. Accordingly, the trial court also signed an income withholding order dated July 18, 2014.

## NECESSITY FOR WRITTEN ORDER GRANTING NEW TRIAL

Absent a written order granting or denying new trial, a motion for new trial is overruled by operation of law seventy-five days after the judgment is signed. TEX. R. CIV. P. 329b(c). An order granting new trial must be written, must be in the form of an order and must be express and specific. *McCormack v. Guillot,* 597 S.W.2d 345, 346 (Tex. 1980) (orig. proceeding); *see also Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding); *Reese v. Piperi,* 534 S.W.2d 329, 330–31 (Tex. 1976) (orig. proceeding). An oral order granting new trial, even when accompanied by a docket entry indicating that the motion has been granted and a scheduling order setting the date for the new trial cannot substitute for the required written order granting new trial. *Estate of Townes v. Wood*, 934 S.W.2d 806, 807 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding). The trial court loses jurisdiction to act following the expiration of the period to rule on the motion for new trial if it has not signed a written order before that date. *McCormack,* 597 S.W.2d at 346. Once a trial court loses plenary power, "any subsequent retrial would be a nullity." *In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). Here

–2–

there is no written order granting new trial in the record before the Court and the trial judge has confirmed that no such order exists in the trial court files. Accordingly, the trial court lacked the power to conduct a new trial in this case.

**APPROPRIATENESS FOR MANDAMUS REVIEW**

An order or judgment signed after a trial court's plenary power has expired is void and an abuse of discretion. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). A relator is not required to show lack of an adequate remedy by appeal to challenge a void order. *Id.* (citing *Dickason,* 987 S.W.2d at 571). Because the second divorce decree and income withholding order were signed in the absence of a written order granting new trial and after the trial court's plenary power expired, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its July 18, 2014 Final Decree of Divorce and its July 18, 2014 Income Withholding Order.

/David Evans/
DAVID EVANS
JUSTICE

141046F.P05