**Appeal reinstated, appeal dismissed, and Memorandum Opinion filed August 10, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00905-CV

---

## SELVA KUMAR, Appellant

### V.

## COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2017-55427**

---

### MEMORANDUM OPINION

This is an appeal from a judgment signed August 16, 2022. Based on the original clerk's record filed with this court, as it did not appear appellant timely filed a post-judgment motion with the trial court, the notice of appeal appeared to be due September 15, 2022. *See* Tex. R. App. P. 26.1(a). Appellant, however, filed his notice of appeal on November 30, 2022, a date more than 15 days after the due

date for the notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

On December 20, 2022, this court informed appellant by letter about the untimely notice of appeal and warned him his appeal was subject to dismissal if he failed to show meritorious grounds for continuing the appeal. Appellant filed a response asserting he received notice of the underlying judgment on October 8, 2022, which was 53 days after the trial court's judgment was signed. Accordingly, pursuant to Texas Rule of Appellate Procedure 4.2(a) and Texas Rule of Civil Procedure 306a, this court abated the appeal for the trial court to sign an order finding dates when appellant and his counsel first either received notice or acquired actual knowledge that the trial court's judgment was signed.

On July 13, 2023, appellant's appellate counsel, who it appears began representing appellant after appellant filed his notice of appeal with the trial court, filed a letter with this court containing a copy of findings of fact signed by the trial court. The findings reflect that appellant's trial counsel received notice of the trial court's signed judgment on August 18, 2022, while appellant personally received notice of the trial court's judgment on October 8, 2022. Accordingly, as the earlier of the two dates, August 18, 2022 is the operative date for determining whether appellant had additional time to file his notice of appeal. *See Jarrell v. Bergdorf*, 580 S.W.3d 463, 467–68 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Because appellant, through his trial counsel, received the requisite notice of the trial court's judgment within 20 days after the judgment was signed, we hold appellant indeed had until September 15, 2022 to file his notice of appeal. See Tex. R. App. P. 4.2(a)(1). Accordingly, as appellant did not timely file his notice of appeal, this court lacks any basis for exercising jurisdiction over this appeal. *See Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 35 (Tex. App.—Houston

[14th Dist.] 2000, pet. denied).

We reinstate the appeal and dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.