

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00130-CV
_____

TELLY H. MILLER AND WIFE, GLORIA MILLER, Appellants

V.

THE CADLE COMPANY, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 08-0300

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

The Cadle Company ("Cadle") foreclosed a judgment lien and acquired real property located at 100 Fisher Drive, Marshall, Texas ("the property"), in a sheriff's sale. The previous owners of the property, Telly H. and Gloria Miller, insisted that the foreclosure was ineffective. A dispute ensued and Cadle filed a declaratory judgment action to quiet title. The trial court granted Cadle's traditional motion for summary judgment, declaring it the rightful owner of the property. The Millers appeal the trial court's decision on the theory that the judgment lien entered only against Telly was ineffective to foreclose on Gloria's sole management community property. Because we determine the property was classified as joint management community property, we affirm the trial court's decision.

I.      **Factual and Procedural Background**

Guaranty Federal Bank ("Guaranty") obtained a summary judgment in 1994 against Telly for a debt incurred by him. In 1996, Guaranty assigned its interest in the judgment to CNF First Associates I, L.P., who then reassigned the judgment to Cadle in 1999. In 2003, Cadle filed an abstract of judgment, perfecting the lien and attaching all of Telly's property in Harrison County. The property in question was deeded to Telly and wife, Gloria. The deed established that the Millers were married at the time judgment lien was entered against Telly.

In 2004, Telly filed for bankruptcy and attempted to claim, unsuccessfully, that the property was exempt. In 2006, Cadle foreclosed the judgment lien and purchased the property as the highest

bidder at the sheriff's sale. Thereafter, the Millers filed suit against Cadle alleging it "commenced to assert some ineffective, illicit interest in and to the subject real property." According to Cadle, the suit was never prosecuted after its removal to federal court.

Cadle then filed this declaratory judgment action in the trial court seeking to quiet title on its own. The Millers generally denied Cadle's claims and asserted affirmative defenses of accord and satisfaction, discharge in bankruptcy, limitations, and estoppel. Cadle filed a traditional motion for summary judgment asking the trial court to declare *inter alia* that: 1) the property was joint management community property; 2) the property was subject to seizure and sale to satisfy the judgment against Telly; 3) Cadle was the rightful owner by virtue of its purchase at the sheriff's sale; 4) the Millers were divested of any interest in the property as a result of the sheriff's sale; and 5) Cadle was entitled to levy on Gloria's undivided one-half interest in the property to satisfy the judgment.

Gloria filed a response to the summary judgment emphasizing she was not a party to the litigation resulting in the 1994 judgment against her husband. Gloria claimed Cadle could not foreclose on the property because it was in her sole management and control, and Cadle failed to prove, pursuant to Section 3.201 of the Texas Family Code, that Telly "acted as an agent" for Gloria when entering into the debt with Guaranty or that "such debt was incurred for necessities." The response to the summary judgment was verified by Telly and Gloria. The operative portion of the verification stated:

3

> Telly H. Miller and wife, Gloria Miller who, being first duly sworn upon their oath did depose and state that the contents of the above and foregoing Defendant's response to Plaintiff's motion for summary judgment are true and correct, and that the interest of Gloria Miller (also known as Glory Miller) in [the property] . . . is subject to the sole managing control and disposition of Gloria Miller.

The trial court, noting Telly had filed no response, granted Cadle's summary judgment and awarded Cadle attorney's fees. Pursuant to an affidavit of attorney's fees filed with Cadle's summary judgment motion, the trial court further ordered that the Millers pay Cadle $10,000.00 in attorney's fees in the event of an unsuccessful appeal to this Court.

## II. Standard of Review

When reviewing a traditional motion for summary judgment, we take as true all evidence favorable to the Millers and indulge every reasonable inference and resolve any doubts in their favor. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). On appeal, Cadle must show there is no material fact issue and that it is entitled to judgment as a matter of law. *Quanaim*, 17 S.W.3d at 41.

Summary judgment is proper if Cadle establishes there are no genuine issues of material fact such that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex. App.—Texarkana 1989, no writ). Because Cadle bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the Millers is taken as true, and all

4

doubts as to the genuine issue of material fact are resolved in favor of the Millers. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985).

If Cadle's motion and summary judgment proof facially establish its right to judgment as a matter of law, the burden then shifts to the Millers to raise a material fact issue sufficient to defeat the summary judgment. *Quanaim*, 17 S.W.3d at 41–42. If the Millers rely on an affirmative defense, they must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

## III. The Millers Did Not Rebut the Presumption That the Property Was Jointly Managed

Under Texas statutes and caselaw, property possessed by either spouse during the marriage is presumptively community property. TEX. FAM. CODE ANN. § 3.003 (Vernon 2006); *Cockerham v. Cockerham*, 527 S.W.2d 162, 172 (Tex. 1975); *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 876 (Tex. App.—Dallas 1990, no writ). Community property is further characterized as either joint management community property or as sole management community property of either spouse. TEX. FAM. CODE ANN. § 3.102 (Vernon 2006); *Brooks*, 788 S.W.2d at 876.

The sole management community property of a spouse is not liable, absent agreement, for the nontortious liabilities that the other spouse incurs during marriage. TEX. FAM. CODE ANN. § 3.202 (Vernon 2006). However, "community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or

during marriage." TEX. FAM. CODE ANN. § 3.202(c). There is a rebuttable presumption that "community property is subject to . . . joint management, control, and disposition." TEX. FAM. CODE ANN. § 3.102(b).[1] The question then becomes whether the Millers successfully rebutted this presumption at the summary judgment stage.

The only support for the Millers' position that the property was solely managed by Gloria is the verification of the response to Cadle's summary judgment. "It is well settled that neither the motion for summary judgment, nor the response, even if sworn, is ever proper summary judgment proof." *Quanaim*, 17 S.W.3d at 42 (citing *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971)). Thus, the Millers essentially neither presented any proof to rebut the presumption that the property was joint management community property,[2] nor did they come forward with sufficient evidence to establish a fact issue on every element of any of their affirmative defenses.

---

[1]The fact that Telly exercised control over the property is bolstered by the evidence of his attempt to exempt the nonhomestead property during his bankruptcy. If the property was under Gloria's sole management and control, it would not have been subject to Telly's nontortious liabilities. *See* TEX. FAM. CODE ANN. § 3.202.

[2]Cadle cites us to cases reciting the proposition that "debts contracted during the marriage are presumed to be on the credit of the community and thus are joint community obligations, unless it is shown the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction." *Kimsey v. Kimsey*, 965 S.W.2d 690, 702 (Tex. App.—El Paso 1998, pet. denied) (citing *Cockerham*, 527 S.W.2d at 171); *see also* TEX. FAM. CODE ANN. § 3.104 (Vernon 2006). We need not address these cases. While there is no question that the judgment lien against Telly was entered while the Millers were married, nothing in the record establishes that Telly was married when he entered into the debt with Guaranty other than a statement made in a supporting affidavit filed by Cadle that Telly "at all material times has been married to Gloria." Further, there is no evidence suggesting why the original debt was incurred.

Because the property was classified as joint management community property, it was subject to Telly's liabilities incurred before or during marriage. *See* TEX. FAM. CODE ANN. § 3.202.

Cadle requested, and the trial court awarded, attorney's fees based on Section 37.009 of the Texas Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). Once a right to attorney's fees is established, the award may include fees for a subsequent appeal. *Cap Rock Elec. Co-op., Inc. v. Tex. Utils. Elec. Co.*, 874 S.W.2d 92, 102 (Tex. App.—El Paso 1994, no writ). The trial court awarded appellate attorney's fees to Cadle based on an uncontested affidavit evidencing the reasonableness of such fees. *See Neal v. SMC Corp.*, 99 S.W.3d 813 (Tex. App.—Dallas 2003, no pet.). We are authorized to affirm the conditional award to Cadle of $10,000.00 in appellate attorney's fees. *See Ganim v. Cotton USA, L.P.*, No. 14-07-00835-CV, 2008 WL 4379605, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2008, no pet.) (mem. op.); *Mem'l City Gen. Hosp. Corp. v. Cintas Corp., No. 81*, 679 S.W.2d 133, 139 (Tex. App.—Houston [14th Dist.] 1984, no writ).

## IV. Conclusion

We affirm the trial court's summary judgment in all respects.


Bailey C. Moseley
Justice

Date Submitted:     March 11, 2009
Date Decided:       March 12, 2009

7