Opinion issued November 5, 2009 




 







 

 
 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00921-CV

____________


GENERAL METAL FABRICATING, INC., GMF LEASING, INC., AND
ARNOLD CURRY, Appellants


V.


JOHN STERGIOU AND MAIN MARINE REPAIR AND INDUSTRIAL
CLEANING COMPANY, Appellees






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2000-00900



 


MEMORANDUM OPINION


 Appellees/Cross-Appellants, John Stergiou and Main Marine Repair and
Industrial Cleaning Company (collectively, "Stergiou"), moved to dismiss the appeal
of General Metal Fabricating, Inc., GMF Leasing Inc., and Arnold Curry
(collectively, "the GMF Parties") for lack of jurisdiction. After due consideration, we
conclude that this Court lacks jurisdiction over this case because the order entitled
"Final Judgment" in the underlying suit was, in fact, interlocutory. We therefore
dismiss both the appeal filed by the GMF Parties and the appeal filed by Stergiou.

Background

 Arnold Curry is the president of General Metal Fabricating Corporation and
GMF Leasing, Inc. Prior to the formation of these two companies, John Stergiou, the
corporations' secretary, agreed that he would loan funds to the corporations and act
as the guarantor of these loans. In return, Stergiou would receive half of the
corporations' stock shares. Curry was to receive the other half of the shares. Once
the corporations had accrued adequate capital, the corporations were to repay
Stergiou for the loans, Stergiou was to be released from his duties as guarantor, and
Stergiou was to return the stock shares to Curry. 

 After two and a half years of successful operation, the corporations repaid
Stergiou for the loans and released him from his guaranty. However, a dispute arose
over the return of the stock, and Stergiou did not return the shares. Consequently,
Curry and the corporations sued Stergiou for breach of contract and breach of
fiduciary duty. 

 The case was tried, appealed, reversed and remanded, and tried again. During
the second trial, the GMF Parties and Stergiou attempted to settle the case by drafting
a Rule 11 Agreement. The specific details of the Rule 11 Agreement were contingent
upon jury answers. After the jury returned the verdict, the parties could not come to
an agreement consummating the Rule 11 Agreement. Stergiou contended that the
Rule 11 Agreement was an unenforceable "agreement to agree," while the GMF
Parties asserted that it was an enforceable agreement. Subsequently, Stergiou filed
a supplemental pleading asserting counterclaims against the GMF Parties for--among
other things--a declaration that the Rule 11 Agreement was not enforceable, breach
of contract, breach of warranty, fraud, failure to produce books and records, negligent
misrepresentation, and negligence. Stergiou moved for summary judgment only on
his claim seeking a declaration that the Rule 11 Agreement was not enforceable. The
GMF Parties filed an opposing motion for summary judgment seeking a declaration
that the agreement was enforceable. 

 Subsequent to the filing of these motions, the GMF Parties filed a
"Supplemental Pleading to Plaintiffs Amended Post Trial Petition," asserting a claim
against Stergiou for specific performance of the Rule 11 agreement. The GMF
Parties also filed a second motion for summary judgment on this claim for specific
performance arguing that the GMF Parties had fully performed the Rule 11 agreement
with Stergiou by tendering to him $300,000 and that this tender obligated Stergiou
to return his stock certificates. 

 On September 29, 2008, the trial court entered two orders, one titled
"Judgment" and the other titled "Final Judgment." Although these orders specifically
identify and reference Stergiou's motion for summary judgment and the GMF Parties'
first motion for summary judgment, neither order identifies or references the second
motion for summary judgment filed by the GMF Parties. The first order states in
relevant part

 Judgment

 BE IT REMEMBERED that on this date the Court considered the
Motion for Judgment to Declare the Rule 11 Agreement Enforceable by
summary means sought by GENERAL METAL FABRICATING, INC.,
GMF LEASING, INC., and ARNOLD CURRY, Plaintiffs Cross-Defendants. The court after giving due consideration to the pleadings,
summary judgment evidence and applicable law concludes that an
appropriate Judgment should be granted. 


(Emphasis added.) The second order states in relevant part:

 Final Judgment

 BE IT REMEMBERED that on this date the Court considered the
Motion for Final Judgment by summary means sought by John Stergiou
and Main Marine Repair and Industrial Cleaning Co., Defendants/
Cross-Plaintiffs and the Motion for Summary Judgment to declare the
rule 11 Agreement Enforceable by summary means sought by General
Metal Fabricating, Inc., GMF Leasing, Inc., and Arnold Curry,
Plaintiffs/ Cross-Defendants. The underlying facts show:


 In its most basic terms the issues presented arise from an alleged
breach of a Rule 11 Agreement. While the jury was deliberating the
verdict in this cause, the parties began negotiations to enter into a Rule
11 Agreement that would have been an alternate to entry of judgment. 
The Parties and Counsel dictated the terms of their understanding into
the record. After the verdict was returned a dispute arose as to whether
the parties actually entered into a Rule 11 Agreement, as Plaintiffs
contend, or if the negations [sic] of the parties only resulted in an
unenforceable "agreement to agree" as Defendants contend.


 The court after giving due consideration to the pleadings,
summary judgment evidence and applicable law concludes that an
appropriate Final Judgment should be granted. It is therefore
accordingly:


 Ordered, Adjudged and Decreed that John Stergiou and Main Marine
Repair and Industrial Cleaning Co., Defendants/ Cross-Plaintiffs, shall
Take Nothing by this action and, General Metal Fabricating, Inc., GMF
Leasing, Inc., and Arnold Curry, Plaintiffs/ Cross-Defendants, are
entitled to a Declaration that the subject Rule 11 Agreement is
enforceable and General Metal Fabricating, Inc., GMF Leasing, Inc.,
and Arnold Curry, Plaintiffs/ Cross-Defendants go hence with costs and
without delay.


 All relief not granted herein is Denied. Costs are charged to John
Stergiou and Main Marine Repair and Industrial Cleaning Co. 


(Emphasis added.)

 On October 1, 2008, the trial court entered another order specifically denying
the GMF Parties' second summary judgment motion. The GMF Parties then filed this
notice of appeal complaining of the entry of the two judgments.

 On October 29, 2008, Stergiou filed a motion for the trial court to modify the
judgments. On December 1, 2008, the trial court granted the motion to modify. In
its order granting the motion, the trial court expressly states that the September 29,
2008 orders were interlocutory and were not intended to be final and appealable. The
order states that the language in September 29, 2008 orders stating that Stergiou "take
nothing" from this suit was only directed to Stergiou's attorneys' fees claim for
bringing the declaratory judgment action and not to any other claims in the suit. In
the order the trial court also requested additional briefing from the parties to assist in
the resolution of the all remaining claims. The December 1, 2008 order provides

Order Modifying Judgment

 On September 29, 2008, the Court entered two orders relating to
summary judgment motions filed by the parties in this case. . . . The
Court held that the Rule 11 Agreement is an enforceable agreement. 
That part of the September 29th Orders remains intact.


 However, the September 29th Orders also included language that
Stergiou take nothing. That language was directed at Stergiou's claim
for attorneys fees relating to his declaratory judgment action. This
language did not relate to any other causes of action or claims for relief
in this case. And any such implication is hereby clarified, and the
Orders are modified to reflect the limited nature of this ruling.


 The September 29 Orders also included language that "all relief
not granted herein is denied." That language is hereby withdrawn from
the September 29th Orders. The September 29th Orders were not final
judgments as there are live causes of action remaining in this case. The
September 29th Orders were interlocutory. The Court finds it has
jurisdiction to enter this Order. The Parties shall file all supplemental
briefing regarding summary judgments by March 1, 2009. 

 In light of these orders, Stergiou has filed a motion to dismiss this appeal for
lack of jurisdiction because there has been no final appealable judgment entered by
the trial court for us to consider. Stergiou argues that he timely filed the motion to
modify the judgments dated September 29, 2008, the trial court granted the motion
and modified the judgments within the time of its plenary power--expressly stating
that the judgments were interlocutory and asking for additional briefing on the
remaining claims--and thus the GMF Parties notice of appeal is premature.

 The GMF Parties argue that, pursuant to Texas Rule of Civil Procedure
329b(d), the motion to modify was untimely because it was filed on October 29,
2008, more than 30 days after the order entitled "Final Judgment" on September 29,
2008. They argue that the timetable for determining the trial court's plenary power
begins to run from the judgments dated September 29, 2008 and not from the order
denying their second motion for summary judgment dated October 1, 2008. Thus,
they argue that the trial court did not have plenary power to modify the judgments
dated September 29, 2008 and these judgments are final and appealable. We address
these arguments below.

 Analysis

 Texas Rule of Civil Procedure 329b(h) governs the resolution of the motion to
dismiss. Pursuant to this rule any modification to a final judgment, whether material
or not, made while the trial court has plenary power over the judgment, restarts the
appellate timetables and extends the trial court's plenary power. See Tex. R. Civ. P.
329b(h); Lane Bank Equip. Co. v. Smith S. Equip., Inc., 19 S.W.3d 308, 313 (Tex.
2000) (order making clerical change to judgment while the court has plenary power
will restart deadlines); Check v. Mitchell, 758 S.W.2d 755, 756 (Tex.1988) (addition
of correct docket number and statement that all writs could issue restated deadlines);
Crown Constr. Co. v. Huddleston, 961 S.W. 2d 552, 559-60 (Tex. App.-- San
Antonio 1997, no pet.) (order clarifying street address of property restarted
deadlines); Owens-Corning Fiberglas Corp. v. Wasiak, 883 S.W.2d 402, 405 (Tex.
App.--Austin 1994, no writ) (order making change in signature date restarted
deadlines). Specifically, Texas courts have held that the entry of orders addressing
additional or different grounds for summary judgment will restart the timetable for
a trial court's plenary power. See, e.g., Quaniam v. Frasco Rest. & Catering, 17
S.W.3d 30, 40 (Tex. App.--Houston [14th Dist.] 2000, pet. denied).

 In this case assuming, as the GMF Parties argue, that the September 29, 2008
orders were entered as "final" judgments, the trial court's order on October 1, 2008
addressing and disposing of additional grounds for summary judgment found in the
GMF Parties' second motion for summary judgment modified these judgments. Id.
Accordingly, we hold that, pursuant to Rule 329b(h), the trial court's plenary power
extended for 30 days after October 1, 2008 and Stergiou's motion to modify was
timely filed. Id. In their briefing, the GMF Parties do not contest the conclusion that,
if the motion to modify was timely filed, the trial court had plenary power to modify
the judgments and declare them to be interlocutory. Accordingly, the orders
complained of in the GMF Parties' notice of appeal are interlocutory, and there is no
final judgment upon which appeal can be based. 

 Consequently, we hold that this appeal must be dismissed for lack of
jurisdiction. 



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Keyes, Alcala and Hanks.