COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Dov  K.  Avni v. Dosohs I, Ltd.

Appellate case number:    01–15–00459–CV

Trial court case number:  2012–07323

Trial court:                        157th District Court of Harris County, Texas

The Court's records indicate that your notice of appeal on the merits of the underlying case may not have been timely filed.  *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after judgment is signed or within ninety days if party files timely motion for new trial, to modify or correct judgment, or to reinstate).

According to the clerk's record filed in this case, the trial court signed an order granting Dosohs' petition for bill of review as to two defendants on September 25, 2012.  The trial court subsequently granted nonsuits as to all remaining defendants other than Dov Avni, the City of Houston, and a number of Harris County parties.  On October 3, 2014, the trial court granted Dosohs' second motion for summary judgment, ordering that Dov Avni take nothing and dismissing Dov Avni's counterclaim.  On October 30, 2014, the trial court granted nonsuit as to the City of Houston and all Harris County defendants.  Because this order of October 30, 2014, appears to have adjudicated all parties and claims, it may have made the previous orders on Dosohs' claims and Dov Avni's counterclaim final.  Thus, it appears that the October 30, 2014, order of the trial court may constitute the final judgment in this case.  According to the clerk's record, no motion for new trial or other motion under Rule 329b was filed following the October orders.  *See* TEX. R. CIV. P. 329b.

Although the trial court entered further orders in this case, these do not appear to be final judgments or corrected or modified final judgments.  The first of such subsequent orders was a severance order signed on November 26, 2014.  A severance order can be a final judgment if it severs into a separate cause an interlocutory order.  *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001).  The severance order in this case does not appear to have severed into a new cause an interlocutory order.  Instead, it appears to have severed into a new cause an order that may have already been made final.  Furthermore, this severance order does not appear to have made a change to the final judgment and may not be considered a corrected or modified judgment under Rule 329b.  *See Lane Bank Equip. Co. v.*

*Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000). Examples of orders correcting or modifying the final judgment include orders denying a second summary judgment motion not mentioned in the final judgment, *Gen. Metal Fabricating, Inc. v. Stergiou*, No. 01–08–00921–CV, 2009 WL 3673112 at *4 (Tex. App.—Houston [1st Dist.] Nov. 5, 2009, no pet.), orders granting summary judgment on different grounds than the prior final judgment, *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 40–41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied), and a summary judgment order that added an award of attorney's fees and changed the previous order of nonsuit from a dismissal without prejudice to one with prejudice. *J. Allen Family Partners, Ltd. v. Swain*, No. 04–09–00384–CV, 2010 WL 2103228 at *2 (Tex. App.—San Antonio May 26, 2010, no pet.); s*ee also Lane*, 10 S.W.3d at 312–13 (subsequent order adding grant of sanctions is a change to a final judgment under Rule 329b, such that motion for sanctions constitutes a Rule 329b motion that extends appellate deadlines). The November 26, 2014 severance order does not appear to make any change to the final judgment.

Similarly, the January 26, 2015 order of the trial court makes no change to the judgment and is signed outside the trial court's plenary power. The clerk's record includes no Rule 329b motion that would extend the trial court's plenary power beyond thirty days after the October 30, 2014 final judgment and therefore, the January 26, 2015 order appears to be a nullity. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (judicial action after the trial court has lost jurisdiction over a cause is a nullity); *Bennetson v. The Mostyn Law Firm*, No. 01-14-00184-CV, 2015 WL 1778356 at *2–3 (Tex. App.—Houston [1st Dist.] April 16, 2015, no pet.) (orders on intervention, severance and venue were void as signed after the trial court's plenary power expired). The clerk's record reflects that Dov Avni did not file a Rule 329b motion until February 25, 2015, and thus, appellate deadlines may not have been extended and the May 8, 2015, notice of appeal may be untimely.

Accordingly, the Court may dismiss this appeal for want of jurisdiction unless you file a written response to this order, providing a detailed explanation, citing relevant portions of the record, statutes, rules, and case law to show that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a).

The final deadline to file your response is **5:00 p.m., October 26, 2015**. You must respond in writing even if you have previously claimed your notice of appeal was timely filed.

If a meritorious response is not received in the form described above by the deadline, the Court may dismiss the appeal for want of jurisdiction without further notice.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                          ☒ Acting individually     ☐ Acting for the Court


Date:  October 13, 2015