**Affirmed as Modified and Opinion Filed August 17, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01030-CV

**SANJAY BHARDWAJ, Appellant**
**V.**
**ANUPAMA PATHAK, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-53882-2013**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

This is an appeal from a Texas Court's order appointing a receiver to sell Texas real estate that was ordered sold by a California trial court in connection with the division of marital property in the parties' California divorce proceeding.

Appellee Wife domesticated the California court's judgment in Texas. Appellant Husband, however, continued to fight the California judgment's validity without having appealed the domesticated Texas judgment.

Wife later obtained a California order to aid in enforcing the California judgment and filed a copy of that order in the Texas proceeding. Wife subsequently asked the Texas court to enforce the domesticated judgment consistent with the California order or to appoint a receiver to

sell the property. Following a hearing on Wife's motion, the Texas court entered an order appointing a receiver.

Husband filed a notice of appeal that appealed only the court's order appointing the receiver. On appeal, however, Husband asserts five issues addressing the subject matter of the California judgment and its corresponding Texas judgment and two issues complaining about the receivership order. Specifically, Husband complains that: (1) Wife did not meet all of the requirements under the Uniform Enforcement of Foreign Judgments Act (UEFJA) for a valid, subsisting, and final judgment; (2) Husband is not a proper judgment debtor "who can be forced to sell the Texas property by California, and by implication, by a Texas court;" (3) the Texas court's plenary power expired and therefore the "orders of hearing and motion" are a nullity; (4) the state of California lacks subject matter jurisdiction over the property; (5) the state of California lacks personal jurisdiction over Husband, who claims to be the trustee of the property held in trust; (6) the Collin County District Court failed to properly apply the Full Faith and Credit Clause to the facts of the case; and (7) the Collin County District Court exceeded the scope of the UEFJA by providing "extra-judgment substantive as opposed to procedural enforcement relief." Husband's issues encompass both the California judgment and the domestication of that judgment in Texas (together, the "Underlying Judgments").

For the reasons discussed below, (i) we conclude that we lack jurisdiction to consider Husband's issues regarding the Underlying Judgments, (ii) we overrule Husband's issue regarding the trial court's authority to enter the post-judgment order, (iii) we sustain Husband's complaint regarding the receivership order's directing the receiver to deliver the net proceeds of the sale solely to Wife, and (iv) we modify the order to require the receiver to deliver the net proceeds equally between Husband and Wife. As modified, we affirm the trial court's receivership order.

## I. Background

**A.  The California Case.**

This California divorce dispute centers on a piece of residential real estate located in Collin County, Texas (the "Texas Property").  Husband and Wife had previously conveyed the Texas Property to themselves as trustees of a revocable trust.  On September 30, 2010, the California trial court presiding over Husband and Wife's divorce proceeding, however, entered a judgment (the "California Judgment") that, among other things: (1) terminated Husband and Wife's marriage, (2) divided the community property equally between them, (3) ordered that the Texas Property be sold, and (4) ordered that the proceeds were to be split evenly.  The parties were further ordered to immediately agree on a real estate broker to list and sell the Texas Property.  Husband, however, challenged the California court's ability to remove the Texas Property from the revocable trust without formally naming Husband and Wife as parties in that case in their representative capacities, and, he did not comply with the California judgment as it concerned to the Texas Property.

As a result of Husband's actions, the California court conducted several enforcement proceedings and issued several ancillary orders to enforce its judgment.  Those ancillary orders included a January 21, 2014 order that: (i) confirmed that the California Judgment transferred title to the Texas Property to Husband and Wife as tenants in common, (ii) ordered that Wife is solely authorized to sell the Texas Property, (iii) ordered that Husband is not to interfere with Wife's efforts to sell the Texas Property, and (iv) authorized the Collin County clerk to execute any documents on Husband's behalf that were necessary to list and sell the Texas Property.

**B.  Domestication of The California Judgment in Texas.**

On July 25, 2013, Wife filed a notice of Filing Foreign Judgement in the District Court of Collin County.  The Notice included the following documents from the California case:

- September 30, 2010 Judgment,

- October 10, 2012 Findings and Order After Hearing,

- October 10, 2012 Emergency Orders,

- February 8, 2013 Order Expunging Notice of Pending Action, and

- February 28, 2013 Finding and Order after Hearing.

On August 12, 2013, Wife filed an Amended Notice of Filing Foreign Judgment (the "Texas Judgment"). This filing included the same California judgment and orders as the July 25 filing, but provided a different address for Husband.

On September 11, 2013, Husband filed a document entitled "Request to Dismiss and/or Opposition to Domestication of Foreign Order," collaterally attacking the California Judgment. Husband did not set a hearing, and the trial court did not expressly rule on Husband's motion. Nor did Husband appeal from the domesticated judgment.

On April 23, 2014, Wife filed a Supplemental Notice of Filing a Foreign Judgment which included the California court's January 1, 2014 ancillary order (the "Texas Enforcement Order")

Husband filed a "Request to Dismiss and/or Opposition to Domestication of the January 21, 2014 Order," and incorporated his previous collateral attack on the California Judgment. But Husband did not set his motion for a hearing, and the trial court made no express ruling on that motion. Nor did Husband attempt to appeal from Wife's April 23rd filing.

On June 11, 2014, Wife filed a motion for sale of the Texas Property or alternatively, for the appointment of a receiver. The hearing was set for July 24, 2014. In response, Husband filed a document entitled "Notice of No Appearance Due to Improper Service and Lack of Jurisdiction." Husband's filing continued to object to the sale of the Texas Property, claiming that the California Judgment did not divest legal title from the revocable trust.

–4–

Husband did not appear for the July 24 hearing. The trial court granted Wife's motion, and appointed a receiver to sell the Texas Property. The trial court's order states, in part, that: Wife is ordered and solely authorized to sell the Texas Property, and Husband is restrained from (a) participating in the sale of the property in any way, (b) communicating with realtors or potential buyers about the property, or (c) interfering with the sale in any way. The receiver was authorized to manage, control, and dispose of the Texas Property as she sees fit and to disburse the net sale proceeds to Wife.

On August 7, 2014, Husband perfected this appeal by filing a notice of appeal from the trial court's July 24 order appointing the receiver.

## II. Analysis

**A.** **Husband's First, Second, Fourth, Fifth, and Sixth Issues: Can Husband collaterally attack the Underlying Judgments in this appeal?**

**1.** **Introduction.**

Husband's first, second, fourth, fifth, and sixth issues in substance collaterally attack the Underlying Judgments to the extent they rest on the premise that the California divorce court lawfully removed the Texas Property from the revocable trust. This appeal, however, is only from a post-judgment order entered to enforce the Texas judgment.[1] With two exceptions, Husband does not complain about any relief specific to that order.[2] Therefore, our first task is to determine which issues are properly before us. Even if not raised by the parties, we may not ignore a lack of appellate jurisdiction. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990). "Courts always have jurisdiction to determine their own jurisdiction." *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 152 (Tex. 2007). We therefore

---

[1] Husband did not file a restricted appeal pursuant to TEX. R. APP. P. 26.1(c). Instead, the notice asserts that the order is both an interlocutory order under TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(1) and a final judgment.

[2] Although Husband argues the July 24 order was not certified as required by statute, he is incorrect.

begin by examining the effect of domesticating of the California Judgment in conjunction with the timetables mandated by the Texas rules of civil and appellate procedure to determine the scope of our jurisdiction over this appeal.

### 2. The UEFJA.

Chapter 35 of the Texas Civil Practice and Remedies Code authorizes the enforcement of a foreign judgment in Texas under the UEFJA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–35.008 (West 2015). A "foreign judgment" means a judgment, decree, or order of a court of the United States or any other court that is entitled to full faith and credit in this state. TEX. CIV. PRAC. & REM. CODE ANN. §35.001.

When a judgment creditor chooses to proceed under the UEFJA, filing a foreign judgment is in the "nature of both a plaintiffs original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable." *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ). Thus, the UEFJA "provides a speedy and economical method of doing that which . . . is required . . . by the Constitution of the United States, i.e., giving full faith and credit to the judgments of other state courts." *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.*, 976 S.W.2d 702, 712 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

A foreign judgment filed under the UEFJA is treated in the same manner as a judgment of the court in which the foreign judgment is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(b). And that judgment has "the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." *Id.* § 35.003(c).

The party seeking to enforce a foreign judgment under the UEFJA has the initial burden to present a judgment that appears on its face to be a final, valid, and subsisting judgment. *Russo*

*v. Dear*, 105 S.W.3d 43, 46 (Tex. App.—Dallas 2003, pet. denied). The burden then shifts to the judgment debtor to prove by clear and convincing evidence that the foreign judgment should not be given full faith and credit. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

### 3. Appellate Timetable.

The appellate timetable starts on the date when a foreign judgment is filed in a Texas court. *See Moncrief,* 805 S.W.2d at 24; *see also Bancorpsouth Bank v. Prevot*, 256 S.W.3d 719, 728 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (challenge to foreign judgment must be raised within the prescribed timetables). Unless an exception applies, a notice of appeal must be filed within thirty days after a judgment is final. *See* TEX. R. APP. P. 26.1. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

In *Moncrief*, this Court concluded that for purposes of the appellate timetable, a motion to stop the enforcement of a judgment filed pursuant to the UEFJA operates procedurally as a motion for new trial. *Moncrief,* 805 S.W.2d at 25. A motion for new trial extends the appellate deadline to ninety days after the judgment is final. *See* TEX. R. APP. P. 26.1(a)(1).

### 4. Application.

The California Judgment was domesticated and became an enforceable Texas judgment on the day it was filed—August 12, 2013.[3] Likewise, Wife's filing the California January 21, 2014 enforcement order in the Texas case three months later domesticated that order in Texas as a Texas post-judgment order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.001. Filing the Texas Enforcement Order merely enforced the already domesticated Texas judgment, and was therefore not a final judgment affecting the Texas appellate timetable.

---

[3] Although the California Judgment became a domesticated Texas judgment when it was first filed on July 25, 2013, the judgment was amended on August 12, 2103. Thus, the August 12 judgment became the operative judgment. *See Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 37—40 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (new judgment entered while the trial court has plenary power presumably vacates the former judgment).

Accordingly, because Husband's September 11, 2013 filing operates procedurally as a motion for new trial, Husband had until November 12, 2013 to perfect his appeal in Texas (ninety days from August 12, 2013 Texas Judgment).[4] Husband did not do so.

Moreover, Husband's notice of appeal, by its terms, limits his appeal to the Texas Enforcement Order. That is, the notice entitled, "Notice of Appeal of Order of Appointment of Receiver dated July 24, 2014," attached the July 24 order as an exhibit and challenges only that order.

In addition, post-judgment orders made for the purpose of enforcing a prior judgment are typically not subject to appeal because they are not final judgments. *See In re Doe*, 397 S.W.3d at 849; *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 855 (Tex. App.—Houston [14th Dist.] 2014, no pet.). An order appointing a receiver, however, is an interlocutory order made appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014 (West 2015).

As applied to this case's facts, Husband did not timely appeal the August 12, 2013 Texas Judgment, and he cannot now bootstrap and re-litigate non-appealable issues regarding the Underlying Judgments in this appeal from a post-judgment receivership order. We therefore have no jurisdiction over Husband's collateral attack on the Underlying Judgments as expressed in his first, second, fourth, fifth, and sixth issues. *See* TEX. R. APP. P. 25.1(b). Accordingly, we dismiss these issues for lack of appellate jurisdiction.

On August 7, 2014, however, Husband did timely perfect his appeal from the July 24, 2014 order appointing the receiver. Our review is limited to the two issues challenging the court's authority to enter that order.

---

[4] In 2013, the ninetieth day fell on a Sunday and the next day was a legal holiday. The next day was November 12. *See* TEX. R. CIV. P. 4.

**B.** **Husband's Third and Seventh Issues: Was the trial court authorized to enter an order to enforce the Texas Judgment, and did the trial court exceed that authority?**

**1.** **Standard of Review.**

Husband's third issue contends that the trial court lacked the authority to order the receivership. His seventh issue argues that the trial court erred in ordering the receiver to distribute the net sale proceeds solely to Wife. For the reasons discussed below, we reject the former and agree with the latter.

We review a trial court's post-divorce appointment of a receiver to enforce a divorce decree for an abuse of discretion. *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A trial court abuses its discretion in appointing a receiver if the court acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

When, as is the case here, the trial court makes no separate findings of fact or conclusions of law, we must draw every reasonable inference supported by the record in favor of the trial court's ruling. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We will uphold the trial court's order provided that it can be upheld on any legal theory supported by the evidence. *See id.*

**2.** **The Trial Court's Jurisdiction.**

The Texas Rules of Civil Procedure limit the trial court's jurisdiction in the period after a trial court has rendered a final judgment. *Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.). But even after a trial court's plenary power expires, it retains statutory and inherent authority to enforce a judgment. *See* Tex. R. Civ. P. 308; *BancorpSouth,* 256 S.W.3d at 724 (trial court has jurisdiction to enforce a judgment filed under the UEFJA even after its plenary power expires). The only limit on this

authority is that "enforcement orders may not be inconsistent with the original judgment and may not constitute a material change in the judgment." *See Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding).

This general principle applies equally to divorce judgments. Once a trial court grants a final divorce decree, it retains the right to enforce the property division within the decree. TEX. FAM. CODE ANN. § 9.002 (West Supp. 2013). When enforcing a final decree, the trial court is limited to orders that aid in implementing or clarifying the decree. *Id*. §§ 9.001, 9.006(a) (authorizing trial courts to "render further orders to enforce the division of property made in the decree of divorce . . . to assist in the implementation of . . . the prior order."). Trial courts have "wide discretion" to enforce property divisions after a divorce, *Dade v. Dade*, No. 01–05– 00912–CV, 2007 WL 1153053, at *1 (Tex. App.—Houston [1st Dist.] Apr. 19, 2007, no pet.) (mem. op), which discretion includes "broad powers to enlist the aid of a receiver." *See Vannerson v. Vannerson*, 857 S.W.2d 659, 673 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

### 3. Application.

Although the trial court's plenary power had expired, it retained the authority to enforce its judgment. The Texas Enforcement Order enforces the August 12, 2013 Texas Judgment. We thus conclude that the trial court had jurisdiction to enter the Texas Enforcement Order and overrule Husband's third issue.

But Husband also argues the trial court exceeded the scope of its authority by awarding greater relief than was awarded in the California Judgment. Notwithstanding its power of enforcement, a court may not make orders that are inconsistent with the final judgment. *See Katz*, 848 S.W.2d at 374. The California court ordered that the net proceeds from the sale of the Texas Property be delivered to both Husband and Wife. This became the Texas Judgment. The

–10–

Texas Enforcement Order, however, directs that the receiver deliver the net proceeds only to Wife. Thus, the Texas Enforcement Order is inconsistent with the Underlying Judgments.

We sustain this aspect of Husband's seventh issue. To the extent that Husband's seventh issue can be construed to include other issues, it is overruled.

### III. Conclusion

We modify the July 24, 2014 to order the receiver to deliver the net proceeds from the sale of the Texas Property equally to both Husband and Wife. As modified, we affirm the trial court's order.

141030F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SANJAY BHARDWAJ, Appellant

No. 05-14-01030-CV      V.

ANUPAMA PATHAK, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-53882-2013.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers participating.

In accordance with this Court's opinion of this date, the order of the trial court is **MODIFIED** to order:

the receiver to deliver the net proceeds from the sale of the Texas property equally to both Bhardwaj and Pathak

It is **ORDERED** that, as modified, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 17, 2015.